**Marilyn ROSE, Defendant
Below, Appellant,**

v.

**STATE of Delaware, Plaintiff
Below, Appellee.**

Supreme Court of Delaware.

Submitted: April 26, 1988.
Decided: June 30, 1988.

David J. Facciolo, Wilmington, for appellant.

Loren C. Meyers, and Rosemary K. Killian, Deputy Attys. Gen., Wilmington, for appellee.

Before CHRISTIE, C.J., WALSH, and HOLLAND, JJ.

CHRISTIE, Chief Justice:

The appellant/defendant, Marilyn Rose, was convicted in the Court of Common Pleas on charges of driving a vehicle while under the influence of intoxicating liquor and driving while her license was revoked. The Superior Court subsequently affirmed the convictions.

In this further appeal, the appellant contends that the Superior Court erred in affirming the rulings of the Court of Common Pleas because that court afforded her a limited remedy for the State's failure to respond to informal discovery demands and thus, she claims, deprived her of constitutional rights. Specifically, appellant relies on the fact that a form known as the Alcohol Influence Report, on which the arresting officer noted his observations of her conduct, was not made available to her prior to trial even though she had requested from the State a copy of the results of

"all written reports of any physical or mental examinations. . . ." The State did not act on the request.

At trial, the defense objected to the State introducing into evidence the report and the testimony of the arresting officer concerning his observations of the appellant on the night of the arrest. The Court of Common Pleas precluded the State from introducing the report. However, the court did state that the officer could testify as to what he observed on the night of the arrest and the results of coordination tests that he had given the appellant.

When the defense attorney made his objection at trial, the State immediately offered him a copy of the report. However, the defense attorney refused to accept a copy because he preferred to seek the remedy of suppression of the evidence.

■ The State contends that Court of Common Pleas Criminal Rule 16(a) requires that a defendant file a motion with the court in order to establish a right to inspect and copy documents; and since the appellant made no such motion, she had no right to pretrial discovery of the report. Moreover, the State contends that there is no right to pretrial discovery of such a report. We rule that the Superior Court did not err in affirming the judgment of the Court of Common Pleas. The defense's failure to comply with the requirements of the discovery rule precluded the imposition of any sanction, and no constitutionally mandated rule required disclosure of the material requested.

Rule 16(a) of the Court of Common Pleas Criminal Rules states:

RULE 16. DISCOVERY AND INSPECTION

*(a) Defendant's Statements; Reports of Examinations and Tests.*

Upon motion of a defendant the Court may order the Attorney General to permit the defendant to inspect and copy or photograph any relevant (1) written or recorded statements or confessions made by the defendant, or a codefendant (whether or not charged as a principal, accomplice or accessory in the same or in

a separate proceeding), or copies thereof, which are known by the Attorney General to be within the possession, custody or control of the State, (2) written reports of autopsies, ballistics tests, fingerprint analyses, handwriting analyses, blood, urine and breath tests, and written reports of physical or mental examination of the defendant or the alleged victim by a physician, dentist or psychologist made in connection with the particular case, or copies thereof, which are known by the Attorney General to be within the possession, custody or control of the State.

Defense counsel concedes that he did not file a written motion in advance of trial as required by Rule 16. However, counsel argues that his "motions at Court constituted the equivalent of compliance under Rule 16 and should have triggered the Court's concern about the failure of the State to provide [pretrial] discovery." Counsel contends that there exists a systematic problem with any request for discovery in the Court of Common Pleas which stems from the fact that cases in that court are generally prepared by the prosecution on the day of trial.

■ Counsel's arguments are without merit. A dispositive fact in this case remains that the defense failed to file a motion with the court seeking discovery as required by Rule 16. As a result of this failure, the State was under no obligation to permit the defendant to inspect and copy any reports or records in advance of trial. Ct.Com.P.Crim.R. 16(a). While this Court encourages informal voluntary discovery, a remedy for failure to respond to discovery demands is unavailable unless the demand is made in strict compliance with the requirements of the rule. In this case, there was no motion and no court order to produce the report, and, therefore, no violation of Rule 16.

The defense also argues that:

Notwithstanding the language and purposes of Court of Common Pleas Criminal Rule 16, Rule 612 of the *Delaware Uniform Rules of Evidence* and the holdings of *Jenks (sic) v. U.S.*, 353 U.S. 657 [77 S.Ct. 1007, 1 L.Ed.2d 1103] (1975)

[1957] and *Brady v. U.S. (sic), supra,* the lower court refused to enforce discovery and thereby violated the defendant's constitutional trial rights.

The Superior Court's holding that the defendant did not fairly request this discovery and therefore was not entitled to relief ignores the fact that it is up to the trial court to provide an appropriate remedy for failure to comply with discovery. Even if the defendant's requested remedy would not be appropriate remedy, the lower court in this case failed to provide any remedy for the defendant.

This argument is without merit. The rule and the cases cited by the defense do not support the defense's contention. Furthermore, it must be noted that the Court of Common Pleas did provide a "remedy", although it was not required to do so, in that it precluded the State from introducing any part of the police report into evidence.

Rule 612 of the Delaware Uniform Rules of Evidence is obviously inapplicable because that rule explicitly states that if a writing is used to refresh memory either while a witness is testifying or before testifying, an adverse party is entitled to have the writing produced *at the trial, hearing or deposition in which the witness is testifying.* D.R.E. 612(a)(b). In this case, the report was produced voluntarily at the trial in which the witness was testifying but it was then rejected by the defense.

■ The case of *Jencks v. United States,* 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed. 2d 1103 (1957), is inapplicable. In that case, the Supreme Court wrote: "We hold that the criminal action must be dismissed when the Government, on the ground of privilege, elects not to comply with an order to produce, for the accused's inspection and for admission in evidence, relevant statements or reports in its possession of government witnesses touching the subject matter of their testimony at trial." 353 U.S. at 672, 77 S.Ct. at 1015, 1 L.Ed.2d at 1114. The clear dictate of that ruling requires disclosure of certain documents in the government's possession after the government witness has testified at trial.

*See Palermo v. United States,* 360 U.S. 343, 345, 79 S.Ct. 1217, 1221, 3 L.Ed.2d 1287, 1292 (1959) (explicitly stating that decision in *Jencks* required government to turn statements over to the defense at time of cross-examination which related to subject matter of witness' direct examination). In this case, the State offered the defense a copy of the report *prior* to completion of the police officer's testimony, and the defense twice declined to review the report.

The case of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) is also inapplicable. In that case, the Supreme Court held that the government's failure to disclose exculpatory evidence to a defendant who specifically requested it violated the accused's due process rights when the evidence was material to guilt or to punishment. 373 U.S. at 87, 83 S.Ct. at 1196–97, 10 L.Ed.2d at 218. Subsequently, the Supreme Court held that such evidence is "material in the sense that its suppression undermines confidence in the outcome of the trial." *United States v. Bagley,* 473 U.S. 667, 678, 105 S.Ct. 3375, 3381, 87 L.Ed. 2d 481, 491 (1985).

■ Assuming for the moment that the Alcohol Influence Report did contain exculpatory or impeaching evidence (i.e. *Brady* material), the State did not suppress the evidence but rather delayed its disclosure. When a defendant is confronted with delayed disclosure of *Brady* material, reversal will be granted only if the defendant was denied the opportunity to use the material effectively. *United States v. Johnston,* 1st Cir., 784 F.2d 416, 425 (1986); *see United States v. Mitchell,* 5th Cir., 777 F.2d 248, 256 (1985) (defendant's due process rights not violated by delayed access to sentencing reduction materials which were sealed by court order, when materials released in time for effective use during cross-examination of witness at trial), *cert. denied,* 476 U.S. 1184, 106 S.Ct. 2921, 91 L.Ed.2d 549 (1986); *United States v. Higgs,* 3rd Cir., 713 F.2d 39, 44 (1983) (accused's due process rights to fair trial satisfied when material which could be used to impeach witness' credibility was disclosed on day witness was scheduled to testify), *cert.*

*denied,* 464 U.S. 1048, 104 S.Ct. 725, 79 L.Ed.2d 185 (1984); *United States v. Pollack,* D.C. Cir., 534 F.2d 964, 973–74 (disclosure by government must be made at such time as to allow the defense to use favorable material effectively in presentation of case), *cert. denied,* 429 U.S. 924, 97 S.Ct. 324, 50 L.Ed.2d 292 (1976); *see also Criminal Procedure Project,* 75 Geo. L.J. 940 (1987). In this case, a copy of the report was offered to the defense during direct questioning of the police officer. The report could have been used to cross-examine the witness. As the Superior Court stated: "If defense counsel failed to do so, this was the result of his own decision and not of any error by the trial judge."

Finally, the defense presented no rationale for the belief that the report, if discoverable, contained exculpatory evidence. *Brady* requires disclosure of certain exculpatory evidence, not inculpatory or neutral evidence. *See Criminal Procedure Project,* 75 Geo. L.J. 939 (1987) (citing numerous cases for the proposition).

■ While a ruling as to whether the report would have been discoverable prior to trial is not necessary to resolve this appeal, we also note that those parts of an Alcohol Influence Report dealing with such matters as statements made by the defendant and the results of certain tests would be discoverable prior to trial pursuant to an appropriate order based on a motion under Court of Common Pleas Criminal Rule 16(a). That rule provides, in part, that the court may order that a defendant be permitted to inspect and copy written or recorded statements of the defendant or co-defendant, and "written reports of ... blood, urine, and breath tests, and written reports of physical or mental examination of the defendant or the alleged victim by a physician, dentist or psychologist...." Ct. Com.P.Crim.R. 16(a). The alcohol report would normally contain chemical test data and the results of an interview with the defendant.

However, in this case, since the appellant refused to take a breath test, the report was limited to routine information, the officer's observations of the appellant's con-

duct, and the results of on-the-spot coordination tests the officer attempted to administer. These on-the-spot coordination tests are not of the same character as the in-depth, analytical tests administered by professionals for which the rule explicitly authorizes discovery. Ct.Com.P.Crim.R. 16(a). This defendant also refused to be interviewed.

The defendant has made no showing that any of the rules fashioned by the courts to protect the due process rights of an accused would compel pretrial disclosure of any part of the report in this case. There is no evidence that the State's failure to produce the report was the cause of any prejudice to the defendant.

The rulings of the Superior Court affirming the decision of the Court of Common Pleas and the defendant's convictions are affirmed.