IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TZE POONG LIU, | § | |
| | § | No. 121, 2014 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court of |
| | § | the State of Delaware in and for |
| v. | § | New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. A. No. 88001915DI |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: October 22, 2014
Decided: October 27, 2014

Before **STRINE**, Chief Justice, **RIDGELY** and **VALIHURA**, Justices.

**O R D E R**

This 27th day of October 2014, after hearing oral argument and upon consideration of the record in this case, it appears to the Court that:

(1)     Appellant Tze Poong Liu argues that he should receive a new trial because the State allegedly violated its duty to disclose impeaching and possibly exculpatory evidence under *Brady v. Maryland*.[1]  "A *Brady* violation occurs where the State fails to disclose material evidence that is favorable to the accused."[2] "There are three components of a *Brady* violation: (1) evidence exists that is favorable to the accused, because it is either exculpatory or impeaching; (2) that

---

[1] 373 U.S. 83, 87 (1963); *see also Wright v. State*, 91 A.3d 972, 977 (Del. 2014).
[2] *Wright*, 91 A.3d at 977.

evidence is suppressed by the State; and (3) its suppression prejudices the defendant."[3]

(2)     Here, Liu did not demonstrate two of the elements necessary for there to have been a *Brady* violation.  The supposedly suppressed evidence was a change in testimony by an important witness, William Chen, who was the husband, father, and son of the victims.  The State had learned about Chen's change in testimony out of court after the second day of trial, a week before he was called to testify.  Chen changed his story about his relationship with Vicky Chao, Liu's alleged accomplice.  The State informed Liu of the change very soon thereafter.[4]  There is no evidence in the record to suggest any misconduct or unnecessary delay on the part of the State, which immediately informed Liu's counsel of the change in testimony.  Liu's counsel did not object, request a continuance, or do anything to suggest that this change would affect Liu negatively in any way.  Seemingly for the sake of disposing of this matter on the ground that there was no prejudice to Liu for any delayed disclosure, the Superior Court wrote that it would assume Liu

---

[3] *Id.* at 988 (quoting *Starling v. State*, 882 A.2d 747, 756 (Del. 2005).
[4] The State learned of Chen's change in testimony during an interview after the second day of trial on Tuesday, March 12, 1991.  There was no trial on Wednesday, Thursday, or Friday because Liu's counsel was sick.  Direct examination of Chen began on Monday, March 18, 1991.  On Tuesday, March 19, 1991, before the State began a line of questioning that involved Chen's relationship with Chao, the State put on the record that it had learned of the change in testimony and had informed Liu's counsel at some point during the intervening week.  App. to Answering Br. at 36.

2

could show suppression.[5]  But in our view, there was no delay, much less delay that would qualify as suppression under *Brady*.[6]  Thus, there was no *Brady* violation.

(3)    We also agree with the Superior Court that there was no prejudice to Liu. The trial was held over a lengthy period.[7]  Liu's counsel had two months after learning of the change in Chen's testimony before Liu's own case began.  Not only that, the change in testimony was helpful to and consistent with Liu's theory of the case.  The change in testimony established a fact helpful to Liu, while giving Liu's counsel a basis to have the jury believe Chen was untrustworthy.  For these reasons and the reasons the Superior Court set forth in its decision of February 14, 2014,[8] Liu suffered no prejudice.  Thus, Liu has failed to establish two of the three *Brady* elements, and there is no merit to his appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[5] *State v. Liu*, 2014 WL 605455, at *4-5 (Del. Super. Feb. 14, 2014).
[6] *See Rose v. State*, 542 A.2d 1196, 1199 (Del. 1988) (holding a delay in disclosure does not amount to suppression unless the delay somehow prejudiced defendant); *see also Leka v. Portundo*, 257 F.3d 89, 99 (2d Cir. 2001) (finding suppression where the prosecutor disclosed evidence three days before trial, despite knowing of it for over two years).
[7] Opening statements were on March 11, 1991, and closing arguments were on May 28, 1991.
[8] *Liu*, 2014 WL 605455.